In re Thomas Joseph MERINO, Debtor.

Marvelene CRAWFORD, Plaintiff,

v.

Thomas Joseph MERINO, Defendant.

Bankruptcy No. 84–00492.
Adv. No. 85–0064.

United States Bankruptcy Court,
D. Hawaii.

July 8, 1986.

Terry Opperman, Aiea, Hawaii, for plaintiff.

Preston A. Gima, Honolulu, Hawaii, for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT

JON J. CHINEN, Bankruptcy Judge.

On September 12, 1985, Marvelene Crawford ("Plaintiff") filed an Amended Complaint. Thomas Joseph Merino ("Defendant") filed a Motion to Dismiss the Amended Complaint on October 18, 1985. A hearing was held on February 13, 1986 on the Motion to Dismiss, at which time Terry G. Opperman, Esq., appeared on behalf of the Plaintiff and Preston A. Gima, Esq., appeared on behalf of the Defendant. The Court ruled that it has jurisdiction and took under advisement the question of whether it should grant the Motion to Dismiss. It now renders these Findings of Fact, Conclusions of Law, and Order.

*Factual Background*

On March 7, 1984, the Plaintiff filed an action (Civ. No. 81935) in the Circuit Court of the First Circuit, State of Hawaii, against the Defendant and members of his family, alleging, among other things, fraud involving a "gypsy scam" perpetrated on the Plaintiff, whereby Defendant obtained certain sums of money from the Plaintiff. The Defendant then filed Chapter 7 Bankruptcy Petition (Bk. No. 84–00492) on October 11, 1984, in this court, which stayed the Circuit Court action. The Plaintiff responded by filing a Proof of Claim on November 11, 1984, in the Defendant's bankruptcy action.

On May 6, 1985, the Plaintiff filed an adversary complaint (Adv. No. 85–0064) in the form of a Motion to Object to Dischargeability of Debt. Defendant, on June 6, filed a Motion to Dismiss the Motion to Object to Dischargeability of Debt, based in part on an objection that the Plaintiff's Motion was not in the form of a Complaint. In a hearing held August 29 before this Court, the Plaintiff was granted leave to amend her complaint and filed said Amended Complaint and Demand for Jury Trial on September 12. The Defendant filed a Motion to Dismiss the Amended Complaint alleging that it did not contain a jurisdictional statement or a prayer for relief.

Following the hearing on February 13, 1986, both parties filed supplemental memoranda that have been considered in this opinion.

In addition, at a hearing on July 22 before this court regarding the Defendant's Chapter 7 proceeding, the Defendant recognized in a written statement that the amount owed by him to the Plaintiff was eighty-thousand dollars ($80,000.00).

*Discussion*

Rule 8 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings in bankruptcy by Bankruptcy Rule 7008. The basic requirement of Rule 8 is that a complaint contain (1) a statement of jurisdiction, (2) a statement of the claim and (3) a demand for relief. Fed.R.Civ.P. 8(a). Rule 8 has been liberally construed. In particular, the Federal Rules of Civil Procedure

> reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and instead forward the principal that the purpose of pleading is to aid in gaining a decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

All that is required by the Rules is "a short and plain statement of the claims that will give the opposing party fair notice of the nature of the claim and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. at 103.

In *De la Cruz v. Tormey*, 582 F.2d 45 (9th Cir.1978), the court admonished that a complaint must not be dismissed for failing to state a claim unless it appears certain that the plaintiff is not entitled to relief under any set of facts which could be proved in support of his claim. *Id.* at 48; *see also, Conley*, 355 U.S. at 45, 78 S.Ct. at 101. The federal courts view with disfavor motions to dismiss action for failure to state a claim upon which relief can be granted and impose a heavy burden on those who seek dismissal. *Tormey*, 582 F.2d at 48.

In 28 U.S.C. § 157 provides that bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11. Objections to discharge is a core proceeding. 28 U.S.C. § 157(b)(2)(J). The instant case involving a complaint objecting to discharge. The court, therefore, finds that it has jurisdiction over this matter.

The fact that the original document was entitled "Motion to Object to Dischargeability of Debt" should not be controlling as to form. Filed as an adversary complaint, the substance of the document is sufficient to give notice to the defendant regarding the "nature of the claim and grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103. In a bankruptcy context "great liberality is afforded in the pleading of fraud." *In re Germain*, 144 F.Supp. 678, 683 (S.Cal.1956). In the instant case, the Defendant has not objected to the form of pleading fraud. Based on the foregoing, in both the original motion and the Amended Complaint, the court finds that the claim is sufficiently stated to satisfy Rule 8.

Defendant has objected that the Plaintiff did not include a prayer for relief in her Amended Complaint. The Plaintiff originally initiated an action in state court to recover from her injuries allegedly caused by Defendant. That action was subsequently stayed by the Defendant's Chapter 7 bankruptcy filing. The Defendant recognized in a written statement, on July 22, 1985, that eighty thousand dollars ($80,-000.00) was owed by Defendant to the Plaintiff. In her adversary action filed in the bankruptcy court, the Plaintiff's motion concluded with the following statement: "For all these reasons, the debt in question should not be discharged." For the reasons mentioned above, the court finds the Plaintiff's statement to be a demand for relief sufficient to satisfy the requirements of Rule 8. There is no indication whatsoever that the Plaintiff has acted in bad faith or sought in any way to delay this proceeding. Plaintiff sought to put the Defendant on notice of the charges against him and of the relief demanded. The Court will not deny the Plaintiff her right to be heard on the merits nor allow "one misstep by counsel [to be] decisive [of] the outcome." *Conley*, 355 U.S. at 48, 78 S.Ct. at 103.

The court orders the Plaintiff to correct the defects in her amended complaint by filing a second amended complaint on or before 4:00 p.m. on July 31, 1986.